IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL NURIAKHMEDOV | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J.L. JAMISON, et al. | : | NO. 26-6695 |

ORDER

AND NOW, this 17th day of September 2026, based on the undisputed facts and for the reasons stated in Buele Morocho v. Warden Phila. FDC, No. 26-1150, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026) it is hereby ORDERED that:

(1) the Petition for Writ of Habeas Corpus by Rafael Nuriakhmedov is GRANTED;

(2) Rafael Nuriakhmedov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3) The Government shall RELEASE Rafael Nuriakhmedov from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 12:00 P.M. EST on September 18, 2026;

(4) Upon his release, the Government is required to return any personal property of Rafael Nuriakhmedov, including his identification documents, and any other belonging that he had on his possession when detained;

(5) The Government is temporarily enjoined from re-detaining Rafael Nuriakhmedov for seven days following his release from custody;

(6) If the Government chooses to pursue re-detention of Rafael Nuriakhmedov after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7) Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Rafael Nuriakhmedov from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Rafael Nuriakhmedov is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Rafael Nuriakhmedov if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ Harvey Bartle III
J.